IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:06-989-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| James Rodrikus McGowan, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on James Rodrikus McGowan's ("McGowan") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court summarily dismisses McGowan's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 26, 2007, McGowan was found guilty after a jury trial of being a felon in possession of a firearm and ammunition. McGowan was sentenced to seventy-eight (78) months' imprisonment on July 9, 2007. United States v. McGowan, No. 07-4751, 2008 WL 564836, at *2 (4th Cir. Mar. 3, 2008) (unpublished). McGowan appealed his conviction and sentence and the Fourth Circuit affirmed his conviction and sentence on March 3, 2008. On September 14, 2010,[1] McGowan filed a § 2255 motion alleging that he was improperly sentenced because his failure to stop violation does not qualify as a crime of violence in light of United States v. Rivers, 595 F.3d 558, 559 (4th Cir. 2010), which held that in light of the Supreme Court's decision in United States v. Chambers, 129 S. Ct. 687 (2009), "under no

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

1

circumstance is a violation of South Carolina's blue light statute a violent felony . . . ." (McGowan § 2255 Mot. 13.)

## II. DISCUSSION OF THE LAW

McGowan alleges that he was improperly sentenced based on the application of two crimes of violence, one for possession of a sawed-off shotgun and one for failure to stop for a blue light, in calculating his base offense level. Relying on Rivers, McGowan requests that he be resentenced in light of the fact that he only had one qualifying crime of violence. (McGowan Mem. Supp. § 2255 Mot. 2-3.) After review, the court finds that the instant § 2255 motion is time-barred. See 28 U.S.C. § 2255(f). Pursuant to § 2255(f),

> [a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Fourth Circuit affirmed McGowan's conviction on March 3, 2008. McGowan filed the instant § 2255 motion on September 14, 2010. McGowan's conviction became final for purposes of § 2255's one-year statute of limitations ninety days after the Fourth Circuit's affirmation of his conviction. United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004); see also

2

Clay v. United States, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Therefore, this motion is time-barred under § 2255(f)(1). Further, this matter is time-barred under § 2255(f)(2) because there was no government action impeding McGowan from filing a timely § 2255 motion.

> In order to obtain relief under § 2255(f)(2) Petitioner must show that the Government imposed impediments in violation of the Constitution or laws of the United States. Conclusory or bald allegations that the Government prevented a petitioner from timely filing a § 2255 Motion is not enough. A petitioner must set forth specific information to show how the government violated a petitioner's constitutional or statutory rights by preventing the petitioner from filing a motion within the 1 year statutory period of limitations.

Perry v. United States, Civil Case No. AW-08-3468, Criminal Case No. AW-06-049, 2009 WL 1759603, at *2 (D. Md. June 18, 2009) (unpublished) (internal citations omitted). Likewise, § 2255(f)(4) does not apply as McGowan is not raising new facts.

In addition, McGowan's motion is time-barred under § 2255(f)(3). First, Rivers held that failure to stop for a blue light was not a violent felony under the Armed Career Criminal Act[2] in light of Chambers and Begay v. United States, 553 U.S. 137 (2008). In Chambers, the Supreme Court "made clear . . . that courts must apply the categorical approach [outlined in Begay] to determine whether a conviction is [a violent felony]. Varying from that approach is

---

[2] McGowan was not sentenced under the Armed Career Criminal Act. However, the definition for crime of violence in the United States Sentencing Guidelines is identical to the definition contained in 18 U.S.C. § 924(e)(2)(B). See U.S.S.G. § 4B1.2 (definition of crime of violence).

3

only appropriate where different types of behavior satisfy an element of the offense and the proscribed behaviors constitute at least two separate crimes . . . ." Rivers, 595 F.3d at 562-63.

In Begay, the United States Supreme Court held that under New Mexico's Driving Under the Influence statute, the crime of driving under the influence "falls outside the scope of the Armed Career Criminal Act's clause (ii) 'violent felony' definition." 553 U.S. at 148. According to the Court, "[i]n determining whether [a] crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Id. at 141. "[S]tatutes that forbid driving under the influence typically do not insist on purposeful, violent, and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all." Id. at 145. In Rivers, the Fourth Circuit held that

> [m]uch like the New Mexico statute at issue in Begay, the blue light statute does not contain the requisite intent to bring it within the scope of crimes that [qualify as a violent felony]. In fact, the South Carolina statute explicitly criminalizes a broad swath of unintentional conduct. Because it is "a strict liability crime, [it] differs from a prior record of violent and aggressive crimes committed intentionally such as arson, burglary, extortion, or crimes involving the use of explosives." Therefore, South Carolina's blue light law, when viewed categorically, falls outside the scope of a "violent felony" as defined by § 924(e)(2)(B)(ii).

Rivers, 595 F.3d at 564 (internal citations omitted). At the time of McGowan's indictment, conviction, and sentencing, failure to stop for a blue light was a violent felony. United States v.

4

James, 337 F.3d 387, 390 (4th Cir. 2003).  "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."  Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal quotation marks omitted).  The United States Supreme Court has not made Begay or Chambers retroactive to cases on collateral review.  Therefore, McGowan's claim is time-barred.

Generally, the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed.  See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255).  However, the court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ."  Hill, 277 F.3d at 707.  It is indisputably clear that Craig's motion is untimely because Begay and Chambers have not been applied retroactively to cases on collateral review.

It is therefore

**ORDERED** that McGowan's § 2255 motion, docket number 67, is dismissed. It is further

**ORDERED** that a certificate of appealability is denied because McGowan has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 3, 2010

# NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.